TAYLOR, Circuit Judge
(dissenting).
On petition for writ of certiorari to the Florida Industrial Commission the facts are:
Ruth Greenberg, whose employer was a tenant in a building owned by the Alcazar Hotel was injured in a fall which occurred under the following circumstances: She was returning to work from lunch which she had eaten outside the building. It was raining. As she approached the Hotel building and in order to enter in the usual and customary manner it was necessary for her to cross a large inlay of terrazzo which had been installed in the sidewalk by the hotel, presumably with the acquiescence if not the express consent of the city. This terrazzo inlay was directly beneath a rigid awning which was definitely a part of the *434 building. The entrance to the Hotel was recessed and contained three steps of stairs leading to a higher level and into the lobby of the Hotel. As claimant proceeded to work her foot slipped on the terrazzo and she fell into the open entrance, of the building and was injured when her arm struck the second of the three steps leading into the lobby. Pictures in the record clearly disclose that if the front wall of the Hotel building had been solid along this side rather than broken to permit entrance to the building, the point at which claimant came into contact with the steps would have been inside that wall.
The (then) Deputy Commissioner awarded compensation. On appeal the full commission, one member dissenting, reversed the Deputy Commissioner and directed that the claim be dismissed basing its conclusion on a determination that the injury did not arise out of or in the course of the employment.
The employer in its brief admits that “all the hallways, elevator, or lobby of a building in which the employer is a tenant are regarded as a part of the premises of the employer.”
The thing upon which claimant slipped was the terrazzo surface of the sidewalk which had been constructed by the owner of the premises as a part of the entrance to the building. The awning over her head at the time she slipped was definitely a part of the building in which she was employed. These facts are sufficient to support the conclusion of the deputy commissioner that claimant was on the employer’s premises when she slipped. But it is not necessary to go this far in order to find in the record ample support for the award of compensation.
The disability of the claimant resulted from the third of a sequence of three events; — a slip, a fall, and striking a masonry step.
The slip did not produce the trauma resulting in disability. Many people slip and recover their balance without further difficulty. The fall may have begun outside the building but it certainly occurred in part within a line drawn across the entrance to the building. The fall itself did not produce the trauma that resulted in disability. The trauma, the injury to the person of the claimant, the direct and immediate cause of her incapacity took place when she struck the second step of the building. By no stretch of the imagination can this be said to be a part of the sidewalk.
Section 440.09, Florida Statutes, F.S.A., is in part:
“Compensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment.”
Section 440.02(6) defines an injury as a personal injury by accident. But accident is defined as an unusual event or result happening suddenly. 440.02(19)
Even if we say the slip was an accident ultimately resulting in the injury and this took place outside the building, the fact remains that the unexpected result, the fall against the step and the trauma resulting from the striking of the step occurred within the building and therefore on the employer’s premises.
I would grant certiorari, reverse the order of the Industrial Commission and reinstate the compensation order of the deputy commissioner.
ERVIN, C. J., concurs.